```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
CHUKWUMA E. AZUBUKO,
                                      Plaintiff,
                -v.-                                            5:08-CV-69
                                                                (NPM)(GJD)
UNKNOWN BOSTON POLICE OFFICERS, et al.,
                                      Defendants.
--------------------------------------------------------------------------
CHUKWUMA E. AZUBUKO,
                                      Plaintiff,
                -v.-
                                                                5:08-CV-330
JUDGES OF THE UNITED STATES                                     (NPM)(GJD)
DISTRICT COURT, District of Massachusetts,
                                      Defendants.
--------------------------------------------------------------------------
CHUKWUMA E. AZUBUKO,
                                      Plaintiff,
                -v.-                                            5:08-CV-331
                                                                (NPM)(GJD)
RICHARD W. STORY,
                                      Defendant.
--------------------------------------------------------------------------
```

CHUKWUMA E. AZUBUKO
Plaintiff, *pro se*

NEAL P. McCURN, SENIOR U.S. DISTRICT JUDGE

## DECISION and ORDER

Presently before the court are three motions for "reconsideration" in the above-captioned cases.[1] On April 16, 2008, this court issued an Order denying plaintiff leave to appeal *in forma pauperis* in 08-CV-69 and issued orders dismissing 08-CV-330 and

---

[1] (Dkt. No. 12 in 08-CV-69; Dkt. No. 8 in 08-CV-330; Dkt. No. 7 in 08-CV-331).

08-CV-331.[2] On the same day, this court issued an order barring plaintiff from filing any future cases in the Northern District of New York without court permission. The order required plaintiff to accompany any future request to file with specific information.

Plaintiff appears to be asking for reconsideration of all of the above orders. The standard for granting a motion for reconsideration is strict. *New York News, Inc. v. Newspaper & Mail Deliverers' Union of New York*, 139 F.R.D. 294, 294-95 (S.D.N.Y. 1991). Reconsideration will generally be denied unless the moving party can point to controlling law or facts, overlooked by the court, that could "reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is **not a substitute for appeal**. *See Montanile v. NBC*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

In this case, plaintiff once again presents confused and irrelevant arguments for reconsideration of this court's decisions. This court has reviewed plaintiff's submissions, and there is **nothing** in any of the papers presented by plaintiff that could reasonably alter the conclusion reached by this court that plaintiff's cases must be dismissed, and that he should be barred from filing further actions in this court without permission. In fairness to plaintiff, the bar order did not prevent him from filing papers in cases that were already pending, however, if plaintiff continues to file baseless motions for reconsideration or any baseless paper in his pending cases, the court will not hesitate to amend its order to prevent plaintiff from filing any

---

[2] (Dkt. No. 9 in 08-CV-69; Dkt. No. 4 in both 08-CV-330 and 08-CV331).

documents, even in pending cases, without court review.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motions for reconsideration in 5:08-CV-69 (Dkt. No. 12); 5:08-CV-330 (Dkt. No. 8); and 5:08-CV-331 (Dkt. No. 7) are **DENIED**.


May 19, 2008


_____
Neal P. McCurn
Senior U.S. District Judge